**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIA M. BRIDGEMAN, | ) | CASE NO. 1:19-cv-3002 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CITY OF BEDFORD HEIGHTS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Mia Bridgeman ("Bridgeman") brings this action against the City of Bedford Heights, Ruth Gray (community center director), Fletcher Berger (mayor), and Andrea Hyrb (driver). (Doc. No. 1 ["Compl."] at 2.[1]) Bridgeman moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed.

## I. Background

Bridgeman's allegations in the complaint arise from her employment with the City of Bedford Heights. Her claims relate to defendants' alleged discriminatory conduct between 2016 and 2019. (Compl. at 4.) Bridgeman identifies the discriminatory conduct as termination of employment, failure to promote, unequal terms and conditions of employment, and retaliation, all in violation of the American with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). (*Id.*) Bridgeman does not provide a factual statement in support of her claims, but instead provides attachments to the complaint which consist of (1) a letter dated

[1] Page number references are to the page identification numbers generated by the Court's electronic filing system.

January 25, 2019 from Bridgeman to defendant Berger (*id.* at 7), (2) EEOC Charge No. 532-2019-1424 ("EEOC Charge") (*id.* at 8-13), (3) an untitled document that appears to be Bridgeman's narrative concerning the facts underlying her claims in this action (*id.* at 26-27), (4) documents from the Ohio Department of Job and Family Services Office of Unemployment Compensation (*id.* at 15-23), and (5) the purported statements of two co-workers: (i) Montreal Brooks who states he was harassed for being in the senior department where Bridgeman worked and fired in retaliation for being around Bridgeman, and (ii) LaVon'te Cook, who states that he believes that defendants Gray and Berger "has it out" for Bridgeman and employees associated with her (*id.* at 24-25).

**II. Discussion**

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556

U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In order to state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677–78. Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

**B. Analysis**

***Bridgeman's claims that were or could have been brought in Bridgeman I are barred by res judicata***

The instant action is not the first Bridgeman filed in the Northern District Ohio regarding her employment with the City of Bedford Heights. In Case No. 1:18-cv-2481-DAP, *Bridgeman v. City of Bedford Heights* ("*Bridgeman I*"), Bridgeman alleged that the City of Bedford Heights violated the Equal Pay Act, ADA, FMLA, and Title VII of the Civil Rights Act in connection with her employment by the City. Her claims in *Bridgeman I* revolved around the alleged conduct of her supervisor Ruth Gray, who is a defendant in the instant action. Bridgeman claimed that she "had to seek mental and physical treatment due to unfair treatment from Ruth Gray." *Bridgeman v. City of Bedford Heights*, No. 1:18 CV 2481, 2019 WL 1469381, at *1 (N.D. Ohio Apr. 3, 2019). Bridgeman's claims in *Bridgeman I* were dismissed pursuant to 28

U.S.C. § 1915(e) for failure to state a plausible claim upon which relief may be granted.[2] *Id.* at *8.

The timeframe for Bridgeman's claims in the instant action overlap her claims in *Bridgeman I*. The timeframe for her claims in *Bridgeman I* was 2016 – [October 26, 2018]. (*Bridgeman I* Doc. No. 1 at 4.[3]) The timeframe for her claims in the instant action is 2016 – 2019. (Compl. at 4.) To the extent that Bridgeman's claims in the instant action with respect to defendants' conduct between 2016 and October 26, 2018 were or could have been brought in *Bridgeman I*, those claims are barred by res judicata.

The preclusive effect of *Bridgeman I* on the instant action is controlled by federal common law. *See Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 650 (6th Cir. 2007); *see also* 18B Charles Alan Wright, et al., *Federal Practice and Procedure* § 446 (2d ed. 2011); Restatement (Second) of Judgments § 87 (1982) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court."). Under federal law, a claim will be barred by prior litigation if the following four elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (citations omitted).

---

[2] Bridgeman did not appeal the dismissal of *Bridgeman I*.

[3] In *Bridgeman I*, Bridgeman stated that the alleged discriminatory conduct occurred from "2016-present." *Bridgeman I* was filed on October 26, 2018.

All of Bridgeman's claims in *Bridgeman I* were dismissed pursuant to § 1915(e) for failure to state a plausible claim upon which relief could be granted. *Bridgeman*, 2019 WL 1469381, at *4 (ADA), *6-7 (Title VII/Equal Pay Act/FMLA). Dismissal for failure to state a claim constitutes a final decision on the merits for purposes of res judicata, and the first element is satisfied. *Fleming v. Ohio Bell Tel. Co.*, No. 1:17CV1815, 2018 WL 3067741, at *5 (N.D. Ohio June 21, 2018) ("This Court dismissed *Fleming III* under section 1915(e) for failure to state a claim upon which relief can be granted. '[A] dismissal grounded on a complaint's failure to state a claim upon which relief can be granted constitutes . . . an adjudication on the merits. As a result, res judicata bars refiling the claim.'") (quoting *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016)); *see also Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001) ("The dismissal of [plaintiff's] claims under § 1915(e)(2)(B) creates a res judicata bar to the presentation of further in forma pauperis cases raising the same claims.") (citing *Denton v. Hernandez*, 504 U.S. 25, 34, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)).

With respect to the second element, Bridgeman brought *Bridgeman I* against the City of Bedford Heights. The defendants in the instant action are the City of Bedford Heights and City employees Berger, Gray, and Hyrb. The employee defendants in the instant action, whose alleged conduct form the basis of Bridgeman's claims, are in privity with the City of Bedford Heights. *See ABS Indus., Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999–1000 (6th Cir. 2009) ("[I]t is well settled that a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency relationship."). The second element of the res judicata analysis is satisfied.

With respect to the third element, Bridgeman's claims in the instant action, as in *Bridgeman I*, relate to her employment with the City of Bedford Heights. Bridgeman's claims in the instant action span the time period between 2016 – 2019, which includes the time period encompassed by Bridgeman's claims of employment discrimination in *Bridgeman I*: 2016 – October 26, 2018. (*See* Compl. at 4; *Bridgeman I* Doc. No. 1 at 4.) Bridgeman's claims in the instant action for the time period between 2016 and October 26, 2018 either were litigated or could have been litigated in *Bridgeman I*, and the third element of the res judicata analysis is satisfied.

With respect to the fourth and final element, the term "same cause of action" encompasses claims that "'were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding.'" *Thomas v. Miller*, 329 F. App'x 623, 627 (6th Cir. 2009) (quoting *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979)). Bridgeman's claims in the instant action for the time period between 2016 and October 26, 2018 were available to her at the time she filed *Bridgeman I*, and her claims in the instant action and *Bridgeman I* are part of the "same cause of action" in that both relate to the City of Bedford Heights' alleged employment discrimination against Bridgeman. Bridgeman's claims in the instant action for the time period between 2016 and October 26, 2018 are barred by *Bridgeman I* "because there is a common 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Id*. (quoting *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)).

To the extent that Bridgeman's claims in the instant action with respect to the time period between 2016 and October 26, 2018 are barred by the doctrine of res judicata they fail as a

matter of law. Accordingly, those claims are dismissed pursuant to § 1915(e)(2)(b). *Halloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (When conducting a screening pursuant to § 1915(e)(2)(b), a "district court may invoke the doctrine of res judicata in the interests of, *inter alia*, the promotion of judicial economy."); *see also Ealy v. Hieber*, No. 3:09CV00117, 2009 WL 2254651, at *2 (S.D. Ohio July 27, 2009) (dismissing *pro se* complaint pursuant to § 1915(e)(2)(B) because plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981); *Allen v. McCurry*, 449 U.S. 90, 103–05, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506–07 (6th Cir. 2008)).

***Bridgeman's ADA and FMLA claims are dismissed***

But even if certain ADA and FMLA claims in the instant action are not barred by res judicata, all of Bridgeman's ADA and FMLA claims would be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a plausible claim upon which relief may be granted.[4]

Bridgeman identifies the discriminatory conduct of which she complains as termination of employment, failure to promote, unequal terms and conditions of employment, and retaliation,

[4] To the extent that Bridgeman's FMLA claims in the instant action are brought outside of the applicable statute of limitations, those claims are dismissed for this additional reason. *See Bridgeman*, 2019 WL 1469381, at *7 ("A plaintiff asserting an FMLA claim must bring the action within two years after the date of the last alleged violation, or three years if the violation is 'willful.'") (citing 29 U.S.C. §§ 2617(c)(1), (c)(2)). Similarly, to the extent that Bridgeman has not exhausted her ADA claims in the instant action, those claims are dismissed for this additional reason. *See id*. at *3. ("A plaintiff seeking to bring an employment discrimination claim under the ADA must first exhaust administrative remedies and, in order to do so, must file a charge of discrimination with the EEOC within 180 or 300 days, depending upon the agency with whom Plaintiff filed her charge.") (citing *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002) ("To exhaust administrative remedies under the ADA . . . a plaintiff must file an EEOC charge within 180 days of the alleged discrimination (or with the state agency within 300 days).") (statutory and case citations omitted)). "'[F]ailure to properly exhaust is an appropriate bases for dismissal of an ADA action.'" *Id*. (quoting *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 492–93 (6th Cir. 2018) (citations omitted)).

and states that defendants have discriminated against her based upon disability and exercise of her rights under the FMLA. (Compl. at 4.) She provides no factual narrative regarding her claims beyond the attachments to the complaint, which the Court will consider. *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015) ("The federal rules treat [exhibits attached to the complaint] as part of the pleadings.").

Bridgeman's first attachment to the complaint is a letter dated January 25, 2019 to defendant Berger. (Compl. at 7.) In the letter, Bridgeman informs Berger that "[d]ue to constructive discharge tactics used regularly by my supervisor [Gray], I am forced to resign my position with the City of Bedford Heights effective immediately." (*Id.*) Bridgeman states in her letter that she has been bullied, intimidated, wrongfully accused, and harassed by Gray, causing her to fear for her safety, health, and sanity. (*Id.*) Bridgeman provides no dates or factual details regarding Gray's alleged conduct in her letter to Berger or in the information provided regarding her EEOC Charge.

In the EEOC Charge, Bridgeman states the reason for her charge as follows: "Disability, Retaliation – I filed a charge of job discrimination about any of the above. Retaliation – I complained to my employer about job discrimination, Genetic information, my family medical history, or my participation in genetic services like counseling, education, or testing." (*Id*. at 11.) In her description of the alleged adverse action of which she complains in the EEOC Charge, Bridgeman states:

> I work for the City of Bedford Heights I have had intermediate FMLA since 2009 I have never been considered part time due to my 7 hour a day instead of 8 hour reduced schedule my job pick and choose what benefits I will get and what I won't get. I have been harassed, bullied by Director as well as other co-workers. Made up complaints against me and I followed proper procedures for complaints/grievances but never had a response and they were never addressed. I

> have been wrongfully suspended, lied on, and my FMLA info was exposed for any employee to have access to. I am on medication and have been under doctor's care due to the health issues that I have been forced to resign due to constructive discharge (wrongful termination).

(*Id.* at 13.) On September 30, 2019, the EEOC issued a right to sue letter stating that it was unable to conclude the City violated the relevant statutes. (*Id.* at 8.)

In Bridgeman's narrative, she lists charges filed with the EEOC in 2011, 2013, and 2018. With respect to disability accommodation and FMLA leave, Bridgeman does not state that Gray denied her accommodation or leave, but rather required documentation before approval. With respect to defendant Hryb, Bridgeman claims that Hyrb discussed her FMLA schedule with residents and made comments such as Bridgeman did not need vacation because she is "never there to begin with." Bridgeman claims that Gray had co-workers fabricate false statements about her, solicited complaints about her from residents, and raised performance concerns about Bridgeman that involved "petty situations." Bridgeman claims that Gray's alleged conduct created a "humiliating toxic environment" and forced her to resign. The balance of the narrative similarly consists of rambling generalized statements that lack dates and details concerning Bridgeman's claims of disability and FMLA discrimination. (*See id.* at 26-27.)

***ADA***

Bridgeman claims that defendants discriminated against her in violation of the Americans with Disabilities Act ("ADA"). Plaintiff does not state under which Title of the ADA she brings this action. But because her claims relate to her employment with the City, the Court infers that she brings this action under Title I. Under Title I of the ADA, employers are prohibited from "discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee

compensation, job training, and other terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a). Where, as here, a plaintiff does not allege direct evidence of discrimination, courts analyze ADA discrimination claims following the familiar burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). "To prove a *prima facie* case of disability discrimination, a plaintiff must show that (1) she is disabled, (2) she is otherwise qualified to perform the essential functions of a position, with or without accommodation," and (3) a causal link ties the disability to the adverse employment action. *Blazek v. City of Lakewood, Ohio*, 576 F. App'x 512, 516 (6th Cir. 2014) (citing *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014)).

Under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), a plaintiff need not plead the elements of a *prima facie* case of employment discrimination to survive a motion to dismiss or, as in this case, a § 1915 screening. That said, *Swierkiewicz* did not change the law of pleading, and "offers no gateway for a plaintiff to side-step the 'plausibility' standard laid out in *Twombly* and *Iqbal*." *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448–49 (6th Cir. 2018) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2010)). Therefore, Plaintiff must assert facts which, taken as true, plausibly allege that the defendants are liable for the claimed conduct and plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Bridgeman does not allege any facts from which the Court may reasonably infer that defendants City of Bedford Heights, Berger, Gray, or Hyrb took an adverse employment action against her on the basis of her disability by terminating her employment, failing to promote her, imposing unequal terms

and conditions of employment, or otherwise retaliating[5] against her (*see* Compl. at 4). Even with the benefit of liberal construction, Bridgeman's conclusory ADA discrimination and retaliation claims amount to no more than the-defendants-unlawfully-harmed-me accusation, and the Court is not required to construct claims or factual allegations on Bridgeman's behalf. Accordingly, Bridgeman's ADA claims that are not barred by res judicata fail to state a plausible ADA claim upon which relief may be granted and are dismissed pursuant to § 1915(e).

***FMLA***

Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA. 29 U.S.C. § 2615(a)(1). "Any claim that an employer unlawfully interfered with an employee's FMLA rights, must show each of the following: (1) [s]he is a FMLA-eligible employee; (2) the defendant is an employer under the FMLA; (3) [s]he was entitled to take FMLA leave; (4) [s]he gave notice of h[er] intention to take leave; and (5) the defendant denied h[er] the benefits to which [s]he was entitled under the FMLA." *Windham v. Dominion E. Ohio Gas*, No. 5:12 CV2835, 2013 WL 123798, at *2 (N.D. Ohio Jan. 9, 2013) (dismissing *pro se* plaintiff's lawsuit pursuant to § 1915(e) for failing to allege a plausible FMLA claim) (citations omitted).

As with her ADA claim, Bridgeman makes no factual allegations from which the Court may reasonably infer that defendants City of Bedford Heights, Berger, Gray, or Hyrb interfered with her FMLA rights or took an adverse employment action against her for exercising her

[5] The ADA prohibits retaliation against an employee for opposing an unlawful employment practice. 29 U.S.C. § 12101, *et seq*. In order to assert a retaliation claim, Bridgeman must plausibly allege that: (1) she engaged in protected activity; (2) that activity was known to the defendants; (3) an adverse employment action was taken against the plaintiff; and (4) the existence of a causal connection between the protected activity and the adverse employment action. *See Bligh-Glover v. Rizzo*, No. 1:08CV2788, 2012 WL 4506029, at *4 (N.D. Ohio Sept. 30, 2012) (citations omitted). Bridgeman has failed to do so.

FMLA rights by terminating her employment, failing to promote her, imposing unequal terms and conditions of employment, or otherwise retaliating[6] against her (*see* Compl. at 4). Even with the benefit of liberal construction, Bridgeman's conclusory FMLA interference and retaliation claims amount to no more than the-defendants-unlawfully-harmed-me accusation, and the Court is not required to construct claims or factual allegations on Bridgeman's behalf. Accordingly, Bridgeman's FMLA claims that are not barred by res judicata fail to state a plausible FMLA claim upon which relief may be granted and are dismissed pursuant to § 1915(e).

***In Forma Pauperis Proceedings***

The case is the second lawsuit that Bridgeman has filed in the Northern District of Ohio related to her employment with the City of Bedford Heights. Bridgeman's claims in *Bridgeman I* and the instant action have been dismissed pursuant to § 1915(e) for failure to state a plausible claim upon which relief may be granted.

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). The repeated filing of meritless lawsuits diverts judicial resources and interferes with the orderly administration of justice and *pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases. *See Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006) (citations omitted); *Bradley v. Wallrad*, No. 1:06VCV246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) ("[O]ne acting *pro se*

---

[6] To assert a retaliation claim under the FMLA, such as constructive discharge, Bridgeman must plausibly allege "(1) that she engaged in conduct protected by the Act, (2) that the defendant was aware of this exercise of protected rights, (3) that the defendant took an employment action adverse to the plaintiff, and (4) that there was a causal connection between the protected activity and the adverse employment action." *Saroli v. Automation & Modular Components, Inc.*, 405 F.3d 446, 451 (6th Cir. 2005) (citing *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001)). Bridgeman has failed to do so.

has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.") (internal quotation marks and citation omitted).

Bridgeman's filing of two meritless lawsuits in connection with her employment with the City of Bedford Heights is incompatible with the privilege of proceeding *in forma pauperis*. *See Moore v. Controlled Substances Act*, Nos. 4:06-CV-43, 4:06-CV-45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006). "[F]ederal courts have the inherent power to . . . [restrict] future access to the judicial system, to deter future frivolous . . . or duplicative lawsuits." *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). This inherent power includes denying the privilege of proceeding *in forma pauperis* when a litigant abuses the privilege by repeatedly filing meritless lawsuits. *See In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-779-DJH, 2017 WL 1293019, at *2 (W.D. Ky. Apr. 5, 2017) (citing *In re McDonald*).

The Court has a responsibility to ensure that the judiciary's resources in the Northern District of Ohio are allocated in a manner that advances the interests of justice. The Court concludes that continuing to allow Bridgeman to proceed *in forma pauperis* with lawsuits regarding her employment with the City of Bedford Heights does not promote the use of Court resources in the interest of justice. *See Maxberry*, 879 F.2d at 224. Accordingly, in the future, Bridgeman will not be permitted to file another action regarding her employment with the City of Bedford Heights without payment of the full filing fee. *See Profit v. City of Shaker Heights*,

No. 1:18CV1223, 2019 WL 315092, at *7 (N.D. Ohio Jan. 23, 2019) (after filing two meritless lawsuits regarding a February 23, 2017 traffic stop, *pro se* plaintiff is prohibited from filing another action regarding this incident without payment of the full filing fee).

## III. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Bridgeman's motion to proceed *in forma pauperis* is granted (Doc. No. 2).

Bridgeman will not be permitted to file another action regarding her employment with the City of Bedford Heights without payment of the full filing fee.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 21, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**